UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUDA PIERRE,

      Plaintiff,

v.                                     CASE NO. 8:12-cv-1596-T-23EAJ

GC SERVICES, L.P.,

      Defendant.

_____/

## ORDER

     Luda Pierre alleges that her former employer, GC Services, L.P., failed to reinstate her after a medical leave.  Pierre sues GC Services under the Family Medical Leave Act (FMLA) both for interfering with Pierre's right to medical leave and for retaliating against Pierre because of her medical leave.  GC Services moves (Doc. 6) to dismiss the interference claim.

     To state a claim of interference, an employee must allege that the employer denied or interfered with the employee's rights under the FMLA.  *Strickland v. Water Works & Sewer Bd. of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001).  According to GC Services, "by acknowledging she took FMLA leave, [Pierre] has tacitly conceded GC Services did not deny [Pierre] any right."  That is nonsense.  "The FMLA does not provide leave for leave's sake."  *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th

Cir. 2011). Minimal research reveals that a failure to reinstate an employee after her medical leave constitutes a typical FMLA interference claim.[*]

The motion (Doc. 6) is **DENIED**.

ORDERED in Tampa, Florida, on August 22, 2012.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] See, e.g., *Schaaf v. Smithkline Beecham Corp.*, 602 F.3d 1236, 1241 (11th Cir. 2010) ("neither party disputes that [the plaintiff] made a prima facie showing of an FMLA interference claim, in that she demonstrated she was not reinstated to the same position she held prior to taking her FMLA leave"); *Strickland*, 239 F.3d at 1208-09 (11th Cir.) (reversing a summary judgment against a plaintiff whose interference claim was "based on the substantive FMLA right to reinstatement"); *Simpson v. Office of Chief Judge of Cir. Court of Will Cnty.*, 559 F.3d 706, 712 (7th Cir. 2009) ("firing an employee to prevent her from exercising her right to return to her prior position can certainly interfere with that employee's FMLA rights"); *Sanders*, 657 F.3d at 778 (collecting authority) ("the right to reinstatement . . . is the linchpin of [the right not to suffer interference] because the FMLA . . . provides leave with an expectation that an employee will return to work after the leave ends"); *Edgar v. JAC Products, Inc.*, 443 F.3d 501, 511 (6th Cir. 2006) ("[the FMLA] benefits [unlawfully interfered with] are usually the 12 weeks leave . . . and restoration to the employee's previous position or an equivalent one"); *Arban v. West Pub. Co.*, 345 F.3d 390, 401 (6th Cir. 2003) (quoting *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 159 (1st Cir. 1998)) ("the issue is simply whether the employer provided its employee the entitlements set forth in the FMLA – for example, . . . reinstatement after taking a medical leave"); *Ashe v. Aronov Homes, Inc.*, 354 F.Supp.2d 1251, 1263-66 (M.D. Ala. 2004) (explaining that an employee fired after a medical leave may sue for both retaliation and interference).